IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| HOPE KOCH, et al., | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No.: 1:04-cv-03345-MJG |
| JOHN R. HICKS, et al., | * | |
| Defendants. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## SURREPLY OF EXXON MOBIL CORPORATION
## TO PLAINTIFFS' MOTIONS TO REMAND

Defendant Exxon Mobil Corporation ("ExxonMobil"), by its undersigned counsel, submits this surreply to the two motions to remand filed by plaintiffs Hope Koch and Frank Koch (the "Kochs") to address an argument raised for the first time in the Kochs' reply memorandum.

The Kochs have filed two motions to remand this action to the Circuit Court for Harford County, Maryland. The first motion, filed on October 21, 2004, argues that the notice of removal was untimely under 28 U.S.C. § 1446(b). The second motion, filed on October 25, 2004, argues that the notice of removal failed to comply with Local Rule 103.5.a. ExxonMobil has rebutted each of these arguments in its opposition memorandum.

In their reply, filed on November 19, 2004, the Kochs adduce yet a third argument for remand: failure to file, with the notice of removal, a copy of the Maryland writ of summons served on codefendant John R. Hicks ("Mr. Hicks"), allegedly in contravention of 28 U.S.C. § 1446(a).

## ARGUMENT

### A. The Kochs' New Argument Is Untimely: The Plaintiffs Have Waived Any Objection to a Procedural Defect Under 28 U.S.C. § 1446(a)

"A motion to remand the case on the basis of any defect in removal procedure must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). In other words, "the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." *N. Cal. Dist. Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The mere timely filing of a motion to remand on one ground does not preserve all potential grounds for remand.

The purpose of the thirty-day period imposed by § 1447(c) is to resolve the choice of forum in the early stages of the litigation—to prevent the shuffling of cases between state and federal courts after the first thirty days. *See FDIC v. Loyd*, 955 F.2d 316, 322 (5th Cir. 1992). This salutary purpose would be thwarted if a party were free to raise new procedural defects more than thirty days after the filing of the notice of removal. *See Pittsburg-Des Moines Steel Co.*, 69 F.3d at 1038. Accordingly, "a district court has no power to remand a case to state court on the basis of a defect in the removal procedure raised for the first time more than thirty days after removal even when a timely petition for remand has been made on other grounds." *Concorde Fin. Corp. v. Value Line, Inc.*, No. 03 Civ. 8020 NRB, 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11, 2004); *see also Denman v. Snapper Div.*, 131 F.3d 546, 548 (5th Cir. 1998); *Foulke v. Dugan*, 148 F. Supp. 2d 552, 555 (E.D. Pa. 2001); *Davis v. Ciba-Geigy Corp.*, 958 F. Supp. 264, 266 (M.D. La. 1997).

ExxonMobil filed the notice of removal of this action on October 15, 2004. The Kochs filed not one, but two timely motions to remand. Neither motion, however, raised the argument that the notice of removal was defective under 28 U.S.C. § 1446(a). Nor did ExxonMobil address such a (non-asserted)

defect in its opposition. Only in their reply, filed some thirty-five days after the filing of the notice of removal, have the Kochs pointed to an alleged defect under § 1446(a).

They doth protest too late. They have waived any objection to removal based on a defect untimely raised. *See Pittsburg-Des Moines Steel Co.*, 69 F.3d at 1038 (holding that "§ 1447(c) prohibits a defect in removal procedure being raised later than 30 days after the filing of the notice of removal, regardless … whether a timely remand motion has been filed").

B.  **Even if the Kochs Could Raise Their New Argument, It Is Meritless: ExxonMobil Fully Complied with the Requirements of 28 U.S.C. § 1446(a)**

In pertinent part, 28 U.S.C. § 1446(a) states: "A defendant or defendants desiring to remove any civil action … from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal … together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action." (emphasis added). The notice, moreover, must be filed "within thirty days after receipt by the defendant … of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Id.* § 1446(b).

The Kochs point to a single document belonging to the universe of "process, pleadings, and orders" not filed by ExxonMobil within the relevant thirty days: a writ of summons served upon Mr. Hicks, *see* Reply, at 1, 6. Although Mr. Hicks has given the requisite consent to the removal of this action, *see* Notice of Removal ¶ 13 & Ex. 6, he did not actually execute or file the notice of removal. ExxonMobil alone executed and filed the notice. ExxonMobil, moreover, contemporaneously filed all state-court process, pleadings, and orders that had been served upon it. It therefore satisfied the requirements of § 1446(a).

3

The plain language of the statute requires filing only process, pleadings, and orders served upon defendants actually executing and filing the notice of removal. It does not make such defendants the keepers of their brother/sister defendants' process, pleadings, and orders—unless, of course, the same documents had been served upon them as well.

**C.    Even if ExxonMobil Should Have Filed the Writ Served on Mr. Hicks Within the Requisite Thirty Days, Such a Procedural Defect Does Not Require Remand: It Has Been Cured by Subsequent Filing**

Provided a notice of removal is timely filed, the failure also to file all the state-court documents specified by § 1446(a) may be cured beyond the thirty-day period specified by § 1446(b). *See* 14C CHARLES ALAN WRIGHT ET AL., FEDERAL PRACTICE AND PROCEDURE § 3733, at 350-51 & n.5 (3d ed. 1998) ("The failure to conform to these procedural rules is not a jurisdictional defect, and both the failure to file all the state court papers or to provide the Rule 11 signature are curable in the federal court if there is a motion to remand."). In the words of one district court:

> In any event, a party's initial failure to file papers as part of the removal petition may be cured by amendment. Defendant's failure to file the documents complained of by Plaintiff is not grounds for remand. Rather, the subsequent filing of these documents is the proper remedy.

*Agee v. Huggins*, 888 F. Supp. 1573, 1577 (N.D. Ga. 1995).

ExxonMobil timely filed a notice of removal. If it should likewise have filed a copy of the process served upon its codefendant, such defect has subsequently been remedied. The writ of summons served upon Mr. Hicks has been filed.

## CONCLUSION

For the foregoing reasons, as well as the reasons articulated in its Memorandum in Opposition to Plaintiffs' Motions to Remand, ExxonMobil asks that the Court deny the Kochs' motions to remand.

Dated: December 1, 2004

Respectfully submitted,

/s/_____
Andrew Gendron (#5111) (agendron@venable.com)
Michael J. De Vinne (#26812) (mjdevinne@venable.com)
VENABLE LLP
1800 Mercantile Bank & Trust Building
2 Hopkins Plaza
Baltimore, Maryland  21201
410-244-7439 (telephone)
410-244-7742 (facsimile)

*Attorneys for Defendant Exxon Mobil Corporation*

Of counsel:
ARCHER & GREINER
A Professional Corporation
One Centennial Square
P.O. Box 3000
Haddonfield, New Jersey  08033-0968
856-795-2121

5